Your name: Champion Muthle

Address: 1830 Rochelle Dr San Jose, CA 95124

Phone Number: 669-288-3538

E-mail Address: champchampm@gmail.com

Pro Se Plaintiff

FILED

JAN 23 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

United Stats District Court
Northern District of California
~~UNITED STATES SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SANTA CLARA~~
San Francisco Division

CHAMPION MUTHLE

Plaintiff

500 STARTUPS

Defendants

COMPLAINT FOR:
1. ANTICIPATORY REPUDIATION
2. DISCRIMINATION

CV 20 0566   EMC

COMPLAINT
(ANTICIPATORY REPUDIATION & DISCRIMINATION)

COMES NOW the plaintiff in support of this Complaint states as follows:

1. The plaintiff resides at the address listed in the caption of this matter.

2. The individual defendant is a company with offices at the address 814 Mission St, San Francisco, CA 94103.

3. On or about September 1st, the defendant did release a web page welcoming submissions to batch 26 of their accelerator. The plaintiff did submit his company to the website with the hope of equal consideration of his company for funding.

4. On Friday, September 6th, the parties had a scheduled conference call regarding the opportunity, at which point, the defendants expressly repudiated the plaintiff and denied him the opportunity to present his company for funding. Despite the plaintiff having strong wifi (see exhibit 1), the defendants pretended as if they could not hear the plaintiff and blamed wifi for the "missed connections," thereby denying him the opportunity to coherently and comprehensively present his startup for funding -- an opportunity no doubt given to other startups in the batch.

5. The defendants also expressed that they do not give equal and equitable consideration to all startups. When asked: "Does every startup receive 3 interviews and an in-person meeting" (the very tedious process the defendants expressly planned to put the plaintiff through), the defendants replied: "No, we decide how many interviews it takes before funding a startup." This is a clear and verbal indication that the defendants treat different startups differently and arbitrarily decide when and when not to allow a startup to be considered for funding or even present themselves for funding.

6. In this way, the defendants acted in bad faith and in a discriminatory and inequitable manner, which constitutes an anticipatory breach of contract (or anticipatory repudiation under U.C.C. 2-610, 24:101; and Civil Code: 3300 and 1440) in the form of their precise words ("No, we decide") and their implicating actions, i.e., making the plaintiff do three interviews instead of just one.

7. It was clear from the attitude, tone, and demeanor of the defendants, that they did not intend to give the plaintiff a reasonable or timely opportunity to present his startup for funding. In fact, the defendants stated very early on in the conversation (perhaps 10 minutes in) that they planned to reschedule the call for another time despite the conversation having already started.

The defendants also stated that they planned to leave the office early on Friday and to reschedule for Monday. They did this without considering the fact that the plaintiff might already have plans on Monday and the fact that he had waited all day Friday for a call that the defendants themselves scheduled into their calendar for that Friday (having offered that date and time to the plaintiff). This indicated that the defendants planned to waist the plaintiff's time, or at the very least failed to consider his application as seriously as others.

8. The defendants also indicated that a link which the plaintiff included in his online application was not present in their records at the time of the interview, which indicates a breach of care of duty to include all information from the application process which the plaintiff had a reasonable expectation would occur having submitted said information at the outset. Thus, the defendants have breached their care of duty to the plaintiff and the public. Furthermore, by engaging in the conduct set forth in the above paragraphs the defendants have neglected their duty to the plaintiff and have conducted unfair business practices.

9. The plaintiff has suffered damages as a result of the defendant's breach in the amount to be proven at trial.

**Prayer for Relief:**

Plaintiff hereby prays for relief as follows:

1. Damages in the amount of $2,000,000, the exact amount to be proven at trial.

2. Compensatory damages and damages from losses in productivity and wages.

3. For interest, attorney's fees, and costs of suit incurred herein;

4. For injunctive relief preventing defendants from causing such further injuries.

5. For punitive and exemplary damages, as well as pain and suffering.

6. For such further and other relief as this Court deems just and proper.

7. Plaintiff hereby demands a declaratory judgment against the defendant.

WHEREFORE, these premises considered, the plaintiff requests judgment against the defendants jointly and severally in the amount to be proven at trial.